## DUFFY *v.* WORK *et al.*

(*Superior Court of New York City, General Term.* July 2, 1891.)

ESTOPPEL—IN PAIS.

    In an action for a conversion of a deed plaintiff testified that defendant, having loaned money held by him in trust to W. & Co., by whom plaintiff was employed, induced plaintiff to execute in blank a deed of his property, and promised that the deed should not be recorded, but stated that he (defendant) wanted to hold the deed merely to show it to his co-trustee and the beneficiaries for the money loaned. Afterwards defendant inserted the name of a grantee by whom the property was conveyed to one S. for value. Plaintiff endeavored, at defendant's request, before the conveyance to S., to find a purchaser, and afterwards accepted $1,000 to give possession to S. *Held*, that plaintiff was estopped to claim that the conveyance to S. was a conversion.

Appeal from special term.

Action by Felix A. Duffy against James H. Work and others for the conversion of a deed. The complaint alleged that plaintiff, at the request of defendant Work, called on said Work, who represented to plaintiff that he had made a loan as trustee to the firm of Work, O'Keefe & Co.; that, as trustee, he had no authority to make such loan upon the personal security of Work, O'Keefe & Co., and that all he desired from the plaintiff was something to show by way of voucher of said loan, if called upon to account by his co-trustee or any person interested in the trust-estate; that Mr. Work promised that, if he (plaintiff) would execute and deliver a deed of his property, that such deed would not be recorded or assigned, but would be held and retained by the said Work for the purpose above mentioned; that thereupon the plaintiff executed

and acknowledged the said deed; that contrary to said express agreement the said deed was recorded and the premises sold to one Sexton for the sum of $13,250; that the plaintiff shortly before said sale asked the surrender and re-delivery of such deed, but that the said Work deceitfully and fraudulently represented to plaintiff, and induced him to believe, that the execution and delivery of such deed was in fact and law a transaction between plaintiff and the firm of Work, O'Keefe & Co.; and that thereupon, relying on such state-ments, and the further statement that the firm was insolvent, the plaintiff, in consideration of $1,000, executed an assignment of any claim he might have against said firm of Work, O'Keefe & Co. And the plaintiff further al-leged that said assignment was executed in ignorance of his legal rights and remedies, induced by the deceit and representations of J. H. Work. The first deed incorrectly described the property, and the second deed was given to cure such defect. There was evidence that after the failure of Work, O'Keefe & Co. plaintiff knew that defendant was trying to sell the property, and plain-tiff undertook to assist defendant in finding a purchaser. The complaint was dismissed, and plaintiff appeals.

Argued before FREEDMAN, P. J., and DUGRO and GILDERSLEEVE, JJ.

*Redfield & Redfield*, for appellant.     *A. L. Pincoffs*, for respondents.

DUGRO, J. The plaintiff appeals from a judgment dismissing his com-plaint entered upon the findings and decision of a judge at special term. At the trial both parties gave evidence. A careful examination of the papers presented fails to disclose any ground which calls for a reversal of the judg-ment. The burden of establishing his cause of action by a fair preponder-ance of evidence was not satisfactorily borne by the plaintiff at the trial. If the second conveyance is considered to have been given as security, and so a mortgage, it would not help the plaintiff's case, as by his conduct he has es-topped himself from claiming that the sale to Sexton was a conversion; for he took service to find a purchaser, and when unsuccessful in his efforts ac-cepted $1,000 to give possession to a purchaser. The judgment is affirmed, with costs. All concur.